UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WAYNE RICHARD EVANGELISTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: 1:23-CV-307-HAB-SLC |
| v. | ) |
| | ) |
| UNITED STATES MARSHALS HEADQUARTERS, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Pro se Plaintiff, Wayne Richard Evangelista, initiated this action against the United States Marshals Headquarters asserting that the Marshals Service unlawfully detained him and denied him medical care while he was in their custody. (ECF No. 1). He also filed a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

A person is unable to pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . ..." 28 U.S.C. § 1930(f)(1); *cf.* https://www.uscourts.gov/sites/default/files/poverty-guidelines.pdf (150% of the HHS Poverty Guidelines for 2021). Though this is not a Bankruptcy case, the judicial discretion afforded by 28

U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services pursuant to 42 U.S.C. § 9902. A review of Plaintiff's in forma pauperis petition shows that he meets the financial requirement to proceed IFP.

However, in assessing whether a plaintiff may proceed IFP, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Further, "[c]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

Plaintiff's Complaint as presently compilated does not permit the Court to determine whether he states a claim for relief. Plaintiff filed with the Court a "Claim for Damage, Injury or Death" SF 95, which is an administrative form used to file tort claims against federal agencies. This is different than the Court approved Civil Complaint Form that should be used by individuals proceeding *pro se*. *See* N.D. Ind. L. R. 7-6.  Accordingly, the Court:

- DIRECTS the CLERK to mail a Civil Complaint Form with the above-captioned case number to the Plaintiff;

- Plaintiff is granted until August 26, 2023, to return a properly completed Civil Complaint Form to the Clerk. Plaintiff should identify the individuals (not the organization or building) that were personally involved in the deprivations he alleges in his complaint and specify the "who, what, when and where" of the events he asserts as the basis for his claim;

- The Motion to Proceed In Forma Pauperis (ECF No. 2) REMAINS UNDER ADVISEMENT;

- Failure of the Plaintiff to return the Complaint Form to the Clerk as directed will result in DISMISSAL of his case without further notice.

SO ORDERED on July 26, 2023.

                                  s/ *Holly A. Brady*
                                  CHIEF JUDGE HOLLY A. BRADY
                                  UNITED STATES DISTRICT COURT